Argued and submitted December 15, 1993, remanded for entry of modified judgment
and for reconsideration in part; otherwise affirmed February 2, 1994

In the Matter of the Marriage of

Jeff Scott INSLEY,
*Appellant,*
*and*

Shelley Rae INSLEY,
*Respondent.*

(92DM0994; CA A80101)

868 P2d 17

Appeal from Circuit Court, Coos County.

Robert E. Jones, Judge.

Robert E. Brasch argued the cause for appellant. With him on the brief was Brasch & Bauder.

No appearance by respondent.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

In this dissolution action, father appeals, assigning error to the award of custody of the parties' children to mother. On *de novo* review, we conclude that father should be awarded custody.

The parties were married in 1984 and have two children, ages 7 and 5. Both parties work full time. Father brought this action to dissolve their marriage in 1993. At trial, several witnesses testified that mother was emotionally unstable, had a violent temper and had repeatedly attempted suicide. They testified that father was a very good parent and was primarily responsible for the children's care. All of those witnesses had observed and interacted with mother, father and the children on numerous occasions over a period of several years. Two of the witnesses testified that mother was verbally abusive to the children.

On the other hand, mother's co-workers and the children's babysitters testified that mother appeared to be a good parent. However, they had far less extensive contact with the parties and their children than did the other witnesses. Finally, a counselor testified that she had seen mother professionally on nine occasions. She acknowledged that mother had emotional problems, but said that, in her opinion, mother was making progress in dealing with them.

The trial court awarded sole custody of the children to mother, finding that it was in their best interest to do so. On *de novo* review, we disagree. The testimony provided by persons with extensive first-hand knowledge of the parties and their relationship with their children convinces us that father will provide a more secure and stable environment for the children and that awarding him sole custody of the children is clearly in their best interest. *See* ORS 107.131(1).

Remanded for entry of modified judgment awarding custody of the children to father and for reconsideration of child support; otherwise affirmed. No costs to either party.